Slip Op.15-35

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| MID CONTINENT NAIL CORP., <br><br>    Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br>    Defendant. <br><br> TARGET CORP., <br><br>    Defendant-Intervenor. | Before: Nicholas Tsoucalas, Senior Judge <br><br> Court No. 10-00247 |

OPINION

[Commerce's Final Results of Redetermination Pursuant to Remand Order is sustained.]

Dated:April 22, 2015

Adam H. Gordon and Jordan C. Kahn, Picard Kentz & Rowe LLP, of Washington, DC, for Mid Continent Nail Corporation, plaintiff.

Benjamin C. Mizer, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for defendant.  Of counsel on the brief was Justin R. Becker, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Marguerite E. Trossevin, Jochum Shore & Trossevin, PC, of Washington, DC, for Target Corporation, defendant-intervenor.

**Tsoucalas, Senior Judge**: before the court are the final results of defendant United States Department of Commerce's ("Commerce") redetermination of its scope ruling on nails within

toolkits imported by Defendant-Intervenor, Target Corporation ("Target").  See Final Results of Redetermination Pursuant to Remand Order, ECF No. 123 (Jan. 21, 2015) ("Fourth Remand Results").  Both Plaintiff, Mid Continent Nail Corp., and Commerce insist that the court sustain the Fourth Remand Results.  See Pl.'s Response to Def.-Int.'s Cmts. on Remand Results, ECF No. 127 (Mar. 9, 2015) ("Def-Int.'s Br."); Def.'s Resp. to Cmts. Regarding Fourth Remand Redetermination, ECF No. 128 (Mar. 9, 2015).  Alternatively, Target respectfully protests Commerce's redetermination.  See Def.-Int.'s Cmts. on Def.'s Redetermination Pursuant to Remand Order, ECF No. 125 (Jan. 21, 2015).

In the Fourth Remand Results Commerce "examine[d] the nails themselves, without regard to the toolkits," and therefore concluded that the nails were within the scope of the antidumping duty order on nails from the People's Republic of China ("Order").  Fourth Remand Results at 8.  The relevant facts and procedural history are set forth in Mid Continent Nail Corp. v. United States.  Mid Continent Nail Corp. v. United States, 38 CIT __, 24 F.Supp.3d 1279 (2014) ("MCN IV").  Familiarity with the facts and procedural history is presumed.

As an initial matter, the court declines to consider the Comments Target has submitted to this court.  Def-Int.'s Br. at 1-

4. It is well settled that a party must exhaust its administrative remedies in order for this court to consider its comments. <u>Aimcor v. United States</u>, 141 F.3d 1098 (Fed. Cir. 1998). Furthermore, a party has not exhausted its administrative remedies if it failed to raise an issue at the administrative level. <u>See</u> <u>Aimcor</u>, 141 F.3d at 1111; <u>Budd Co., Wheel & Brake Div. v. United States</u>, 15 CIT 446, 773 F.Supp. 1549 (1991) (a party failing to raise an issue at the administrative level during remand proceedings cannot raise the issue *de novo* before a reviewing court). Therefore, Target's failure to raise its arguments before Commerce at the administrative stage of the proceedings precludes the court from considering its comments. <u>See</u> <u>id.</u>; <u>Fourth Remand Results</u> at 7.

   In the <u>Fourth Remand Results</u>, Commerce, under respectful protest, determined that "the mixed-media test is not applicable in determining whether the nails in the toolkit are subject to the scope" of the <u>Order</u>. <u>Fourth Remand Results</u> at 7. Therefore, Commerce "examined the nails themselves, without regard to the toolkits" and concluded that the nails found within the toolkits are subject to the <u>Order</u>. <u>Id.</u> at 8. Commerce's <u>Fourth Remand Results</u> comply with the court's remand order and are supported by substantial evidence. Furthermore, no party procedurally entitled to object has done so.

For the foregoing reasons, Commerce's Fourth Remand Results is **SUSTAINED**. Judgment will be entered accordingly.

/s/ Nicholas Tsoucalas
**Nicholas Tsoucalas
Senior Judge**

**Dated:** April 22, 2015
**New York, New York**